UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MARTINEZ,<br><br>              Petitioner<br>  v.<br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No. CV 11-390-AG (DTB)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION |

On January 13, 2011, petitioner filed a "Petition for Writ of Habeas Corpus" herein. Since it appeared from the face of the Petition that petitioner was a federal prisoner incarcerated at Corrections Corporation of American ("CCA") in Milan, New Mexico, the "Petition" was processed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

As the best the Court can glean from petitioner's allegations, the Petition includes claims directed to conditions of confinement to which petitioner allegedly has been subjected at CCA (including claims of inadequate medical care).

/ / /

/ / /

To the extent that petitioner is complaining about conditions of confinement to which he allegedly has been subjected (including claims of inadequate medical care), his claims should be brought in a civil rights complaint, not in a habeas petition. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991)(civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n. 1 (9th Cir.1979)(affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise such discretion.

First, petitioner has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide inter alia that all prisoners who file civil actions must pay the full amount of the filing fee (which now is $150.00), and that any prisoner seeking to file a complaint in a civil action without prepayment of fees submit, in addition to the completed Declaration in Support of Request to Proceed In Forma Pauperis, a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his "Petition" for filing, he failed to submit a certified copy of his trust account statement for the last six months.

Moreover, it appears from the face of the Petition that petitioner has not exhausted this administrative remedies as also required by the PLRA. See 42 U.S.C. § 1997e(a).

///

For the foregoing reasons, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action without prejudice.

DATED: JAN 26, 2011

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge